

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,006

### EX PARTE ARMANDO CALDERON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1242716 IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession of a controlled substance, and was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to sixty days' county jail imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate, and failed to adequately advise Applicant regarding the immigration/ deportation consequences of his plea. Applicant entered his plea approximately one week after the United States Supreme Court handed down its opinion in *Padilla v. Kentucky*, 559 U.S. 356 (2010).

The trial court has determined that trial counsel's performance was deficient in that counsel did not adequately investigate, and did not correctly advise Applicant regarding the immigration/ deportation consequences of his plea in this case, and that but for counsel's errors, Applicant would not have pleaded guilty but would have insisted on going to trial on the charges. Relief is granted. The judgment in Cause No. 1242716 in the 176th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 27, 2013
Do not publish